**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

UNITED STATES OF AMERICA,

     v.                              CASE NO.: 5:92-cr-25

CEDRIC SMITH,

     Defendant.

## O R D E R

Presently before the Court is Defendant's second Motion for Reduction or Modification of Sentence Pursuant to the First Step Act, (doc. 64), and Motion for Reconsideration, (doc. 65).  For the reasons set forth below, the Court **DENIES** Defendant's Motions.

## BACKGROUND

On October 29, 1992, Defendant Cedric Smith pleaded guilty, under a written plea agreement, to an information charging him with conspiracy to distribute and to possess with intent to distribute "approximately 15 (fifteen) kilograms of cocaine and cocaine base," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. (Doc. 40; doc. 61-1; doc. 61-3; doc. 72, p. 3.)  The Presentence Investigation Report included the following calculations as to the United States Sentencing Guidelines: total offense level 41, criminal history category IV, range of imprisonment 360 months to life. (Doc. 72.)  On February 10, 1993, the Court sentenced Defendant to a term of life imprisonment. (Doc. 40, p. 2.)

On August 31, 2012, Defendant filed a Motion for a Sentence Reduction due to retroactive changes in the Sentencing Guidelines.  (Doc. 46.)  On March 13, 2013, the Court denied that Motion. (Doc. 48.)  The Court acknowledged that changes in the Guidelines resulted in a reduction in the Defendant's Guideline range.  (Doc. 48-1.)  Specifically, his total offense level was reduced

to 37 and his criminal history category remained a category IV, resulting in a guideline range of imprisonment of 292 to 365 months.  (Id.)  The Court stated that "the defendant is indeed eligible for a reduction." (Id.)  However, the Court denied that reduction based on the Defendant's criminal history and the troubling offense conduct and found "that a sentence reduction is simply not warranted in this case" as Defendant "is the epitome of an individual from whom the public should be protected as long as possible." (Id.)

On June 18, 2015, Defendant filed another Motion to Reduce Sentence due to another amendment to the Sentencing Guidelines. (Doc. 49.)  On October 18, 2015, the Court denied that Motion. (Doc. 50.)  The Court found that Defendant's Guideline calculation was indeed reduced by the amendments.  (Doc. 50-1.)  His total offense level was then 32 and his criminal history category remained a category IV, resulting in a guideline range of imprisonment of 168 to 210 months.  (Id.)  Nonetheless, the Court found that after considering the Defendant's history and characteristics and the serious offense conduct, "the life term originally imposed in this case is the appropriate societal response based on the sentencing factors found in 18 U.S.C. § 3553(a)." (Id.)

On January 13, 2020, Defendant filed another Motion for a Sentence Reduction pursuant to recent statutory changes known as the First Step Act. (Doc. 54.)  In that brief Motion, Defendant stated that he "humbly seek[s] a term of reduction, and or, in the alternative, "Time Served," and he stated that he "moves the Honorable Court of an Order GRANTING an imposed reduced term of imprisonment, or a term of time served." (Id.)

On March 16, 2020, the Court denied Defendant's Motion. (Doc. 63.)  The Court found that the Defendant's sentencing range recommended by the United States Sentencing Guidelines, 168 to 210 months, remained unchanged by the First Step Act. (Id. at p. 2.)  Additionally, the Court detailed facts of Defendant's case that the Court considered during his sentencing and when

denying prior motions for a sentence reduction and that warranted leaving his sentence undisturbed. (<u>Id.</u>) Specifically, the Court found:

> As has been detailed in previous orders, at the time Smith was sentenced for the instant offense he was 20 years old and had prior juvenile adjudications for theft, battery, aggravated assault, kidnaping, and carrying a pistol without a license. In the instant offense, Smith worked as a drug dealer and debt collector for Waycross, Georgia, cocaine dealer Eugene Edmond. In January 1992, Edmond instructed Smith to kill Reginald Moody, another Waycross drug dealer, as Edmond suspected Moody of stealing from him. On January 28, 1992, Smith kicked open the door of Moody's residence and began randomly firing a .45 caliber pistol, killing Moody's mother, Linda Gordon. Smith was convicted of murder and sentenced to life imprisonment in Ware County Superior Court. Smith served that state sentence first and was moved to federal custody in 2007. Smith's original guideline sentencing term for imprisonment was life. That term was later lowered to a range of 292 to 365 months and finally to 168 to 210 months in 2015 as a result of retroactive guideline amendments. The First Step Act of 2018 does not lower his advisory guidelines range. After considering the nature and circumstances of the offense and history and characteristics of the defendant, particularly his horrendous criminal history and his actions in this case, the Court has determined that the life sentence originally imposed in this case is sufficient but not greater than necessary. Accordingly, the Court finds that no reduction of sentence is warranted.

(<u>Id.</u>)

On March 28, 2020, Defendant signed and placed in the prison mail system a Notice of Appeal seeking to appeal the Court's March 16, 2020 Order to the United States Court of Appeals for the Eleventh Circuit. (Doc. 66.) On March 30, 2020, Defendant signed his second Motion for Reduction or Modification of Sentence Pursuant to the First Step Act, (doc. 64), and a Motion for Reconsideration, (doc. 65), wherein he requests that the Court reconsider its March 16, 2020 Order. The United States responded in opposition of Defendant's Motions, arguing, among other things, that the filing of the Notice of Appeal divested this Court of jurisdiction. (Doc. 70.) On April 17, 2020, Defendant sent the Court a letter in which he expressed confusion regarding the status of his case and characterized his January 4, 2020 Motion as a letter through which he sought guidance as to how to proceed on his First Step Act arguments. (Doc. 71.) He asked that the Court rule on his second Motion for Reduction or Modification of Sentence, (doc. 64), and his Motion for

Reconsideration, (doc. 65), and that the Court send him a copy of certain orders entered in the

case. (Doc. 71, pp. 2—3.) According to the Eleventh Circuit's docket, Defendant has now moved

to dismiss his appeal, and the Eleventh Circuit has entered an order of dismissal.

## DISCUSSION[1]

I.   **Defendant's Motion for Reconsideration**

As an initial matter, it is not clear what standard of review should be applied to Defendant's

Motion for Reconsideration. See United States v. Gossett, 671 F. App'x 748, 749 (11th Cir. 2016)

("We have not addressed in a published opinion under what circumstances a district court should

grant a motion to reconsider in a criminal case."). However, even under a de novo standard, the

Court would deny Defendant's Motion for Reconsideration. The First Step Act did not change

Defendant's advisory Guidelines sentencing range or the applicable statutory penalties. As laid

out above, the Information, plea agreement, and Presentence Investigation Report in this case make

clear that Defendant pleaded guilty to participating in a conspiracy to distribute and to possess

with the intent to distribute approximately fifteen kilograms of cocaine and cocaine base. (Doc.

40; doc. 61-1; doc. 61-3; doc. 72, p. 3.) As the Eleventh Circuit has explained, Section 2 of the

Fair Sentencing Act changed the quantify of crack cocaine necessary to trigger the statutory

---

[1] As the United States pointed out in its response, the Court was likely divested of jurisdiction to rule on Defendant's Motion for Reconsideration and second First Step Act Motion at the time they were filed. "'[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.'" United States v. Tovar–Rico, 61 F.3d 1529, 1532 (11th Cir.1995) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Here, though Defendant's Motions were received and filed in this Court on the same date as his Notice of Appeal, he signed his Notice of Appeal and certified that he placed it in the prison mail system two days prior to signing his Motions for Reduction and Motion for Reconsideration. (Compare, doc. 66, p. 3 with doc. 64, pp. 3, 56 & doc. 65, pp. 3.) Thus, pursuant to Federal Rule of Appellate Procedure 4(c)(1)(A)(i), the Notice of Appeal should be deemed filed prior to the Motions. Once the Notice of Appeal invested the Eleventh Circuit with jurisdiction over this matter, the later filed motion for reconsideration did not likely reinvest this Court with jurisdiction. United States v. Ortiz-Lopez, No. 8:11-CR-48-T-33AAS, 2017 WL 1065528, at *2 (collecting cases). However, as the Eleventh Circuit has since dismissed Defendant's appeal at his request, it appears the Court has jurisdiction to rule on his Motions.

penalty of ten years to life imprisonment from 50 grams to 280 grams.  The drug quantities Defendant pleaded guilty to, 15 kilograms, well exceeds this threshold.  Thus, if Defendant were sentenced under the revised statute, he would still be subject to the statute's mandatory sentencing scheme and a maximum sentence of life imprisonment.  See 21 U.S.C. § 841(b)(1)(A)(iii); United States v. Means, 787 F. App'x 999, 1000-01 (11th Cir. 2019) ("The First Step Act's changes to the triggering quantities of cocaine for the imposition of the mandatory sentencing scheme under § 841 do not impact [defendant's] sentence because he was attributed with over five kilograms of cocaine, far in excess of the new 280-gram triggering amount.").

Additionally, even if Defendant was somehow eligible for a sentence reduction under the First Step Act, the Court would deny that reduction based on the factors set forth in 18 U.S.C. § 3553(a).  See United States v. Jones, 962 F.3d 1290, 1304 (11th Cir. 2020) ("The district court had the authority to reduce [defendants'] sentences, but it was not required to do so.  The First Step Act states that '[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section.'  First Step Act § 404(c).  District courts have wide latitude to determine whether and how to exercise their discretion in this context.  In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a).").  This Court has now found on four occasions (at Defendant's sentencing hearing in 1993, when denying his first motion for a sentence reduction in 2013, when denying his second motion for a sentence reduction in 2015, and when denying his most recent motion for a sentence reduction in 2020) that a sentence of life imprisonment is necessary to reflect the seriousness of Defendant's offense and his history and characteristics and to achieve the purposes of deterrence and protection of the public.  The Court now reiterates once again that the troubling facts of this case including those set forth in the Court's March 16, 2020 Order and quoted above warrant the life sentence Defendant has received.

For all these reasons, the Court sees no reason to disturb its March 16, 2020 Order. Therefore, the Court **DENIES** Defendant's Motion for Reconsideration, (doc. 65).

## II.    Second Motion for Reduction of Sentence Pursuant to the First Step Act

Section 404(c) of the First Step Act states that "[n]o court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."  Pub. L. 115-391, 132 Stat. 5194 (2018).  Because this Court has already reviewed Defendant's initial Motion for Reduction of Sentence brought pursuant to the First Step Act and denied it on the merits, the Court is now without jurisdiction to review his Second Motion for Reduction or Modification of Sentence which he also brings pursuant to the First Step Act, (doc. 64).  In his recent letter, (doc. 71), Defendant characterizes his January 4, 2020 Motion as a communication through which he sought guidance as to how to proceed on his First Step Act arguments rather than a motion.  (Doc. 71.)  However, the substance of his January 4, 2020 pleading, including his statements that he "seek[s] a term of reduction," and that he "moves the Honorable Court of an Order GRANTING an imposed reduced term of imprisonment, or a term of time served," (doc. 54) belies this characterization.

Even if the Court had jurisdiction to review Defendant's Second First Step Act Motion, (doc. 64), the Court would deny it.  As laid out above, the First Step Act did not alter Defendant's Guideline range nor appliable statutory penalties, and, even if it had, his sentence of life imprisonment remains necessary to achieve the statutory purposes of sentencing pursuant to the factors set forth at Section 3553(a).

**CONCLUSION**

For the reasons set forth above, the Court **DENIES** Defendant's Second Motion for Reduction or Modification of Sentence Pursuant to the First Step Act, (doc. 64), and Motion for Reconsideration, (doc. 65).  Pursuant to Defendant's request and in an abundance of caution, the Court directs the Clerk of Court to provide Defendant with a copy of the Court's Orders at docket numbers 48, 50, 53, 58, and 63, along with a copy of this Order.  The Clerk shall provide the Defendant with the entirety of those orders including any restricted attachments thereto.

**SO ORDERED**, this 10th day of September, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA